73 F.3d 376
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Frances G. BROWN, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 95-3786.
 United States Court of Appeals, Federal Circuit.
 Oct. 31, 1995.
 
 Before RICH, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and NEWMAN, Circuit Judge.
 ON MOTION
 ORDER
 PAULINE NEWMAN, Circuit Judge.
 
 
 1
 Frances G. Brown (1) moves for reconsideration of the court's September 21, 1995 order dismissing her petition for review; (2) moves to supplement the record on review to include a document dated August 3, 1995; and (3) submits a document entitled "Petitioner's Emergency Motion for Injunction, In the Alternative, Motion for Default Judgment on Case # 95-3786." The Department of the Navy has not responded.
 
 
 2
 Brown's petition for review was dismissed on September 21, 1995 because she did not file a R. 15(c) statement concerning discrimination. Brown explains that she "misunderstood the instructions" and she has now submitted a R. 15(c) statement.[1] Thus, we will reinstate her petition for review.
 
 
 3
 We now turn to Brown's motion to supplement the record. Pursuant to Fed.R.App.P. 16, the record on review is limited to the order sought to be reviewed, the findings on which it is based, and the pleadings, evidence and proceedings. The Board's decision was issued on August 3, 1995 and the document in question, a memorandum from Brown's supervisor, was written on August 3. Thus, the document was not before the Board and may not be included in the record on review.
 
 
 4
 Finally, we consider Brown's "emergency motion."[2] Brown seeks "interim relief including my full pay and benefits to prevent the Agency from wrongfully terminating me from federal civil service." Brown requests $795,000 in "front pay" and $4,000,000 in compensatory damages. However, the present case concerns the Board's dismissal of her appeal of an alleged demotion. The removal action is not before the court. Thus, Brown's "emergency motion" is not appropriate at this time.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 (1) Brown's motion for reconsideration is granted, the September 21, 1995 order is vacated, the mandate is recalled, and the petition for review is reinstated.
 
 
 7
 (2) Brown's motion to supplement the record on review is denied.
 
 
 8
 (3) Brown's "emergency motion" is denied.
 
 
 9
 (4) The Navy should compute the due date for its brief from the date of filing of this order.
 
 
 
 [1]
 In her R. 15(c) statement, Brown selected statement 3, indicating that she seeks review only of the Merit Systems Protection Board's dismissal of her case for lack of jurisdiction. However, it is unclear whether she has also requested the Equal Employment Opportunity Commission (EEOC) to review the Board's final decision on her discrimination claims. Brown may not seek review of the Board's decision before both the EEOC and this court. 5 U.S.C. Sec. 7703(b)(1)
 
 
 [2]
 In her submission, Brown states that she seeks relief "not later than 25 Oct 95." Brown's submission was not received by this court until October 26, 1995